UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICIA LIFRAK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-CV-2024 (CEJ) |
| BOY SCOUTS OF AMERICA, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand the action to the state court from which it was removed, pursuant to 28 U.S.C. § 1447(c). [Doc. #19]. Defendants have responded in opposition, and the issues are fully briefed.

**I.   Background**

Plaintiff Alicia Lifrak worked for defendant Boy Scouts of America (BSA) from November 1, 1994, to January 31, 2016. [Doc. #20 at 2; Doc. #20-6 at 2]. Beginning in February 2009, she served as the Chief Executive Officer of defendant Lewis & Clark Council, Inc. (LCC), a regional affiliate of defendant BSA. *Id.* In her capacity as CEO, she reported to defendant Michael McCarthy (McCarthy), a BSA area director, and to the Board of Directors of defendant LCC. *Id.* On January 30, 2016, plaintiff was terminated from her position at LCC. [Doc. #20-6 at 7].

Plaintiff claims that her "sex or gender was a contributing factor" in her suspension and subsequent termination. [Doc. #20-6 at 8]. She also claims that the defendants perpetrated a series of discriminatory acts against her between 2011 and 2016, ultimately culminating in her termination. [Doc. #20 at 16]. Specifically, plaintiff alleges that defendant McCarthy made negative statements

about women in the workplace and other derogatory comments, and that he discriminatorily lowered plaintiff's performance ratings. [Doc. #20-6 at 3–4; Doc. #37 at 3]. Plaintiff alleges that she complained to supervisors at BSA about the alleged discriminatory behavior, but they failed to conduct a meaningful investigation of her claims. [Doc. #20-6 at 4]. Instead, plaintiff says, she became the target of multiple audits and suffered other adverse employment actions, such as exclusion from leadership conferences and other professional development opportunities; defendant McCarthy purportedly "played a role," in these decisions. [Doc. #20-6 at 4–6]. Finally, Plaintiff claims that defendants retaliated and committed their final discriminatory act in terminating her employment under false pretenses. [Doc. #20 at 2]. Defendants, for their part, assert that plaintiff was terminated because she filed fraudulent expense reports. [Doc. #37 at 2]. Plaintiff denies submitting fraudulent expense reports and argues that defendants' stated reason for terminating her employment is a pretext for discrimination. She asserts that "other similarly-situated executives of [d]efendants have fraudulently or inadvertently submitted incorrect or improper expense reports but were not terminated or disciplined." [Doc. #20 at 2].

## II.   Procedural Background

After plaintiff's termination, on March 22, 2016, she filed a discrimination claim with the Missouri Commission on Human Rights. [Doc. #20 at 3; Doc. #20-1].[1] Then, on November 1, 2016, defendant LCC filed an action against plaintiff in the United States District Court for the Southern District of Illinois, alleging

---

[1] Plaintiff notes that she received a right to sue letter from the Missouri Commission on Human Rights on October 27, 2016. [Doc. #20 at 3; Doc. #20-3]. Plaintiff also filed a complaint with the Illinois Department of Human Rights. [Doc. #20-2].

2

violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*, as well as common law conversion, unjust enrichment, breach of fiduciary duty, and breach of  duty of loyalty claims.[2] [Doc. #37 at 2; Doc. #20-4]. Plaintiff asserted her gender discrimination claims as counterclaims in that action, under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat §§ 213.010, *et seq*. *See* Fed. R. Civ. P. 13(a); [Doc. #20 at 3; Doc. #20-5].

Plaintiff then filed this action against defendant McCarthy in the Circuit Court of St. Louis County, Missouri on November 9, 2016, asserting MHRA violations. [Doc. #20 at 3; Doc. #20-6]. She amended the complaint to add defendants BSA and LCC on December 15, 2016. [Doc. #1-2]. On December 19, 2016, defendant BSA removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [Doc. #1]. Plaintiff had not yet served the amended complaint on defendants at the time of removal.[3]

Plaintiff moves to remand the case, arguing that complete diversity of citizenship is absent.  Plaintiff is a citizen of Illinois. [Doc. #20 at 11]. Defendant LCC is an Illinois citizen. *Id.* Defendant McCarthy is a citizen of Missouri. *Id.* And defendant BSA is a District of Columbia congressionally-chartered corporation, with its principal place of business in Texas. *Id.*  Plaintiff also argues that because defendant McCarthy is a "forum defendant," removal is barred by 28 U.S.C. § 1441(b)(2).  Defendants argue that the fact that the plaintiff and defendant LLC are

---

[2] The Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*, claims arise from the alleged "destruction of data" on plaintiff's "LCC-issued iPad and iPhone after her termination." [Doc. #37 at 2].

[3] Plaintiff served the original complaint on defendant McCarthy on December 11, 2016, and served the amended complaint on December 27, 2016. [Doc. #20 at 3; Doc. #37 at 4; Doc. #20-9].

3

both Illinois citizens should be disregarded, because LLC was fraudulently joined to defeat diversity. [Doc. #37 at 1–2]. Defendants also argue that § 1441(b)(2) is inapplicable.

### III. Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Moreover, the removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States,' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

### IV. Discussion

#### A. **Fraudulent Joinder**

4

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In this case, defendants argue that plaintiff fraudulently joined defendant LCC and therefore that complete diversity remains intact.

The doctrine of fraudulent joinder is an exception to the complete diversity rule. *In re Prempro*, 591 F.3d at 620. Specifically, "[t]he doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), *as corrected* (Nov. 28, 2012).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* (emphasis in original) (internal quotation marks omitted). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis

5

for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). Ergo, the Eighth Circuit has noted that "[f]raudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.,* 517 Fed. Appx. 523, 524 (8th Cir. May 22, 2013) (unpublished per curiam). Indeed "the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson*, 634 F.3d at 980).

Defendants argue that non-diverse defendant LCC was fraudulently joined, because plaintiff's claims are barred (1) under the claim-splitting doctrine, and (2) pursuant to the compulsory counterclaim rule*,* under Federal Rule of Civil Procedure 13.[4] [Doc. #37 at 1–2].

### (1) Claim Splitting

"[A] tribunal generally has discretion to decide whether to dismiss a suit when a similar suit is pending elsewhere." *Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012); *see also Sparkman Learning Ctr. v. Ark. Dep't of Human Servs.*, 775 F.3d 993, 1000 (8th Cir. 2014). In this matter, the Court must determine whether plaintiff has asserted colorable claims against defendant LCC under Missouri law, or whether the doctrine of claim-splitting dispels any reasonable basis for believing that the state court will impose liability. *See Klaxon Co. v. Stentor Elec. Mfg Co.*, 313 U.S. 487, 496 (1941) (holding that a federal court sitting in diversity will follow the choice of law principles of the forum state)*.*

---

[4] Defendants have also filed a motion to dismiss or in the alternative, transfer venue, which asserts similar res judicata and compulsory counterclaim arguments. [Doc. #16].

6

Initially, the Court finds that most of the cases cited by defendants are inapposite in that they pertain to actions where a first-filed action resulted in a final disposition on the merits. *See, e.g., Johnson v. Bank of Am., N.A.*, 594 F. App'x 953 (11th Cir. Nov. 6, 2014) (affirming a district court's denial of remand on the grounds of fraudulent joinder where the first-filed action reached adjudication on merits); *Thompson v. R.J. Reynolds Tobacco Co.*, No. 12-01326-CV-W-GAF, 2013 WL 12075969 (W.D. Mo. May 3, 2013) (denying remand on the grounds of fraudulent joinder because a jury reached a verdict in the first-filed action); *Palmore v. City of Pacific*, 393 S.W.3d 657 (Mo. Ct. App. 2013) (dismissing second-filed action on grounds of res judicata where first-filed action resulted in a judgment). Others deal with claim-splitting in actions filed in the *same* court. *See Hutnick v. Beil*, 84 S.W.3d 463 (Mo. Ct. App. 2002) (dismissing one case under the claim-splitting doctrine where plaintiff filed two cases in St. Louis County Circuit Court).

Defendants cite to the Missouri Court of Appeals decision in *Bagsby v. Gehres*, in support of their argument that a Missouri court might dismiss an action for claim-splitting where a first-filed case is pending. 139 S.W.3d 611 (Mo. Ct. App. 2004) (reasoning that "[a] cause of action that is single may not be split or tried piecemeal.") But, according to the Missouri Supreme Court, a final judgment on the merits is an essential element of the claim-splitting defense. *See King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991); *see also Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (reasoning that "improper splitting of claims occurs when a party sues on a claim which arises out of the same 'act, contract or

7

transaction' as the previously litigated claims" (internal quotation marks and citation omitted)). Here, there has been no final judgment on the merits of case filed by LLC in the Southern District of Illinois. This Court is bound by the "statement of law pronounced by the Supreme Court in *King General Contractors*." *Christenson v. Freeman Health Sys.*, 71 F. Supp. 3d 964 (W.D. Mo. Dec. 2, 2014).

Even if claim-splitting could be established here, defendants do not identify cases from *any* circuit where fraudulent joinder was premised on claim-splitting in two pending cases. The Court finds persuasive the reasoning of the Fifth Circuit in *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995). In *Carpenter*, the court addressed the argument that "the existence of a parallel suit should render removable an otherwise unremovable state claim." *Id.* at 371. The court reasoned that the language of § 1441 could not justify such an argument, and the "statute simply does not address issues of judicial economy and litigation management – matters beyond the statute's language and policy." *Id.* Instead, the court noted that either of the courts in which the cases were pending could voluntarily abate or dismiss its own proceedings. *Id.*

Defendants have therefore failed to demonstrate that the plaintiffs would have no colorable cause of action under the MHRA in state court.[5] Accordingly, the Court finds that there is arguably a reasonable basis for predicting that the state law might impose liability under the MHRA based upon the facts involved.[6]

---

[5] The Court need not address or rely upon the "common defense" argument proposed by plaintiff. *See* [Doc. #41].

[6] The argument that defendant LCC is not an "employer" as defined in the MHRA has been contested by plaintiff such that it is not appropriate to raise it in the context of fraudulent joinder. Rather, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and

8

### (2) Compulsory Counterclaims

Defendants also argue that plaintiff fraudulently joined defendant LCC because any claims asserted against it are compulsory counterclaims in the first-filed suit in the Southern District of Illinois. [Doc. #37 at 1].

This argument is essentially recasting defendants' claim-splitting argument under a different guise. And again, defendants cite no precedent for such an argument. The Court is unaware of any cases in which these grounds served as the basis for fraudulent joinder. In *KC-X American Aerospace LLC v. Smithline*, No. CV-12-10415-GAF, 2013 WL 1218993 at *1 (C.D. Cal. Feb. 27, 2013), "the present lawsuit," originally filed in state court and removed to federal court, was "essentially a counterclaim arising out of [previously filed] actions." *Id.* The defendants argued that "because the state claims arise out of the same transaction as the [original federal suit], removal is proper even though complete diversity does not exist." *Id.* In deciding a motion to remand, the court wrote that "[c]learly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state-court proceedings. Thus, if a party asserts a claim in a state court that should be a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state court proceeding." *Id.* at *5 (quoting Wright, Miller, Kane & Marcus, 6 Fed. Prac. & Proc. Civ. § 1418). Instead, "the parties must address questions of efficiency and economy" pertaining to compulsory counterclaims in state court. *Id.* This Court agrees, and finds that there

---

leave the question for the state court to decide." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (internal quotation marks and citations omitted).

are "colorable claim[s]" here. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (internal quotation marks omitted).

### B. Forum Defendant Rule

Plaintiff asserts that removal is prohibited by 28 U.S.C. § 1441(b), because she filed suit in Missouri where defendant McCarthy is a citizen. The statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants argue that because defendant McCarthy (the forum defendant) was not properly served with the amended complaint prior to removal, § 1441(b)(2) does not apply. [Doc. #37 at 10]. Because the Court finds that there is a lack of complete diversity on the face of the complaint, the Court need not address the forum defendant issue here.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #19] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2017.